UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HYSON M. LEBLANC | CIVIL ACTION |
| VERSUS | NO. 25-615 |
| HUNTINGTON INGALLS INCORPORATED, *et al.* | SECTION M (5) |

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff Hyson M. LeBlanc.[1] Defendant Huntington Ingalls Incorporated ("Avondale") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion.

**I.   BACKGROUND**

This is a personal injury case arising from alleged exposure to asbestos. In the 1960s, Avondale was contracted by the federal government to construct and refurbish vessels for the United States Navy, Coast Guard, and Maritime Administration.[3] LeBlanc worked at Avondale's shipyards from 1966 and 1969.[4] In November 2024, LeBlanc was diagnosed with asbestos-related lung cancer.[5] He alleges that, through his work for Avondale, he used and handled asbestos-containing products and was exposed to "dangerously high levels of asbestos fibers [which] escaped into the ambient air of the workplace."[6] He brought this suit against Avondale and several other defendants in state court on January 16, 2025, asserting that Avondale negligently failed to

---

[1] R. Doc. 39.
[2] R. Doc. 47.
[3] *See* R. Docs. 47 at 5; 47-2 at 4-5.
[4] R. Doc. 2-1 at 6.
[5] *Id.* at 5.
[6] *Id.* at 6. LeBlanc also alleges that he was exposed to asbestos in other occupational settings and brings negligence and strict-liability claims against several manufacturer defendants and premise-owner defendants. *See id.* at 10-12, 14-18.

provide him a safe place to work, warn him of the dangers of working with asbestos, and comply with the asbestos-safety standards set forth by the Walsh-Healey Public Contracts Act.[7] On March 28, 2025, Avondale removed the case to this Court on the basis of federal-officer jurisdiction under 28 U.S.C. § 1442(a)(1), raising three federal defenses: preemption by the exclusive remedy provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950; federal contractor immunity, established by *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988); and derivative sovereign immunity, established by *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940).[8] LeBlanc now asks the Court to remand the case.[9]

## II.   PENDING MOTION

In his motion to remand, LeBlanc argues that, "[c]onsidering judges in the Eastern District 'have consistently, if not uniformly, held [on summary judgment] that Avondale is not entitled to the *Boyle* and *Yearsley* immunity defenses,'"[10] this Court should remand the instant case, "finally recognizing Avondale's federal defenses as 'immaterial and made solely for the purpose of obtaining jurisdiction.'"[11]  While he acknowledges that there are "differing legal standards applicable at the removal and summary judgment stages,"[12] LeBlanc contends that Avondale's asserted defenses should no longer be deemed "colorable" for purposes of removal, because "at least eight" courts in this district have granted summary judgment in favor of the plaintiffs on Avondale's government-contractor defenses in "nearly identical asbestos cases."[13]  LeBlanc

---

[7] *Id.* at 8-10, 12-14.
[8] R. Doc. 2 at 9-10.  The parties only brief the *Boyle* and *Yearsley* defenses.  *See* R. Docs. 39-1 at 4-27; 47 at 19 n.85.
[9] R. Doc. 39.
[10] R. Doc. 39-1 at 1 (quoting *Gomez v. Huntington Ingalls Inc.*, 2024 WL 3496523, at *2 (E.D. La. July 22, 2024)).
[11] *Id.* at 3 (quoting *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 297 (5th Cir. 2020)).
[12] *Id.* at 2.
[13] *Id.* at 4 (citing *Adams v. Eagle, Inc.*, 2022 WL 4016749 (E.D. La. Sept. 2, 2022); *Broussard v. Huntington Ingalls, Inc.*, 2021 WL 5448795 (E.D. La. Nov. 22, 2021); *Crossland v. Huntington Ingalls, Inc.*, 635 F. Supp. 3d 491 (E.D. La. 2022); *Matherne v. Huntington Ingalls Inc.*, 2024 WL 216925 (E.D. La. Jan. 19, 2024); *Gomez*, 2024 WL

further argues that Avondale's removal of this case is an "attempt to delay litigation, waste this Court's time and resources, and increase the costs of litigation"[14] because, he says, relying on the cited cases, its asserted *Boyle* and *Yearsley* defenses "ha[ve] no possibility of succeeding" in this litigation.[15] LeBlanc also contends that the Supreme Court's recent unanimous holding in *Royal Canin* – that, when a plaintiff amends her complaint to delete the federal-law claims that enabled removal to federal court, leaving only state-law claims behind, the federal court loses supplemental jurisdiction over the state claims, and the case must be remanded to state court[16] – "instructs that allowing this case to remain in federal court *contra* to the wishes of the [p]laintiff, when there is clearly no 'federal anchor' for federal subject matter jurisdiction, is wholly improper and violates the [p]laintiff's right to have 'control over those matters.'"[17]

In its opposition, Avondale contends that "the Fifth Circuit's binding precedent in *Latiolais* and unanimous consensus in this [d]istrict" require the Court to deny LeBlanc's motion to remand.[18] Avondale refutes LeBlanc's argument that other courts' summary-judgment rulings against Avondale in similar cases demonstrate that its asserted defenses are not colorable because "the propriety of remand must be decided 'on the basis of the record as it stands at the time the petition for removal is filed,'"[19] and, even if those defenses are ultimately dismissed, "federal

---

3496523; *LaGrange v. Eagle, Inc.*, 2024 WL 4107922 (E.D. La. Sept. 6, 2024); *LeBoeuf v. Huntington Ingalls, Inc.*, 2025 WL 744152 (E.D. La. Mar. 7, 2025); *Falgout v. Anco Insulations, Inc.*, 2022 WL 7540115 (E.D. La. Oct. 13, 2022)).

[14] *Id.* at 9.
[15] *Id.* at 11-27 (quote at 11).
[16] *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25-26, 39 (2025).
[17] R. Doc. 39-1 at 9 (quoting *Royal Canin*, 604 U.S. at 35, 39).
[18] R. Doc. 47 at 2.
[19] *Id.* at 16 (alteration omitted) (quoting *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 863 (5th Cir. 2021)).

3

jurisdiction survives the dismissal of federal defenses."[20] Avondale further argues that its defenses are colorable, which is "all that is required" for federal jurisdiction under § 1442(a).[21]

### III.   LAW & ANALYSIS

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). The statute allows federal officers to remove to federal court cases "that ordinary federal question removal would not reach." *Latiolais*, 951 F.3d at 290. "In particular, section 1442(a) permits an officer to remove a case even if no federal question is raised in the well-pleaded complaint, so long as the officer asserts a federal defense in the response." *Id*.

"[T]o remove under section 1442(a), a defendant must show (1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Id.* at 296. Courts are to give a broad interpretation to § 1442(a). *Id.* at 290-91. Thus, the question whether to remand cases removed under the statute is weighed "without a thumb on the remand side of the scale." *Id.* at 290 (quotation omitted).

After a 2011 amendment, "section 1442(a)(1) makes removable to federal court 'a civil action … that is against or directed to … any person acting under a federal officer … *for or relating to* any act under color of such office.'" *Id.* at 292 (emphasis added; alterations omitted) (quoting 28 U.S.C. § 1442(a)(1)). In *Latiolais* the Fifth Circuit recognized that the statute "plainly expresses that a civil action *relating to* an act under color of federal office may be removed (if the other

---

[20] *Id.* at 17.
[21] *Id.* at 19-25 (quote at 19).

4

statutory requirements are met)." *Id.* (emphasis in original). And, observed the *Latiolais* court, the Supreme Court has recognized that "'the ordinary meaning of the words "relating to" is a broad one – "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with."'" *Id.* (brackets omitted) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)).

> To be "colorable," the asserted federal defense need not be clearly sustainable, as section 1442 does not require a federal official or person acting under him to win his case before he can have it removed. Instead, an asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous. Certainly, if a defense is plausible, it is colorable.

*Id.* at 296-97 (internal quotation marks and citations omitted).

In this case, Avondale raises the *Boyle* government contractor immunity defense and the *Yearsley* derivative sovereign immunity defense.[22] Under *Boyle*, the government contractor immunity defense applies "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." 487 U.S. at 512. Avondale raised a *Boyle* defense in *Latiolais*, and the plaintiffs, like LeBlanc here, argued that it was not colorable. *See* 951 F.3d at 296-98. The Fifth Circuit, based on similar evidence to that before the Court here, held that Avondale's asserted *Boyle* defense was "not wholly insubstantial and frivolous" and, therefore, "that Avondale has a colorable federal

---

[22] Derivative sovereign immunity under *Yearsley* "shields contractors whose work was 'authorized and directed by the Government of the United States' and 'performed pursuant to an Act of Congress.'" *Taylor Energy Co. v. Luttrell*, 3 F.4th 172, 175 (5th Cir. 2021) (quoting *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 167 (2016)). The Court does not reach the *Yearsley* defense here, because the Court holds that Avondale's asserted *Boyle* defense is colorable, *see infra* at 6-8, and only one of Avondale's federal defenses need be colorable to permit removal under § 1442(a). *See Pitre v. Huntington Ingalls, Inc.,* 2017 WL 6033032, at *6 (E.D. La. Dec. 6, 2017) (declining to reach Avondale's second asserted federal defense upon holding that its *Boyle* defense was colorable).

defense." *Id.* at 298. Accordingly, Avondale argues that "the Fifth Circuit's ruling in *Latiolais* that Avondale's *Boyle* defense is colorable is binding authority" in this case.[23] The Court agrees.

In *Latiolais*, Avondale provided evidence tending to show that the federal government imposed "reasonably precise specifications" requiring that asbestos be installed in its vessels, that the materials provided by Avondale complied with that requirement, and that "the federal government knew more than Avondale knew about asbestos-related hazards and related safety measures," such that "it is colorable that Avondale did not omit warning the government about any dangers about which the government did not know." *Id.* at 297-98. Likewise, here, Avondale has submitted evidence tending to show that the vessels LeBlanc would have worked on at Avondale were built and refurbished pursuant to federal contracts that "required Avondale to use asbestos-containing materials";[24] Avondale conformed to those specifications;[25] and there were no hazards of asbestos exposure known to Avondale but not to the government.[26] Thus, as in *Latiolais*, because Avondale has made a showing that its *Boyle* defense is colorable, the motion for remand must be denied.

Both of LeBlanc's arguments that this Court should deviate from binding Fifth Circuit precedent have been recently considered and rejected, for good reason, by another section of this court. *See LeBoeuf v. Huntington Ingalls, Inc.*, 2025 WL 1403139, at *2-3 (E.D. La. May 15, 2025). As to LeBlanc's argument that Avondale's asserted federal defenses are not colorable "[i]n light of the many rulings" rejecting them on summary judgment,[27] the likelihood of success of Avondale's defenses under a summary-judgment standard is immaterial at this stage of the case.

---

[23] R. Doc. 47 at 22 (emphasis omitted).
[24] *Id.* at 5. *See* R. Docs. 47-2 at 4-14; 47-3.
[25] *See* R. Doc. 47-6.
[26] *See* R. Docs. 47-2 at 14-15; 47-4; 47-24.
[27] R. Doc. 39-1 at 6.

The standard for removal under § 1442(a) is colorability, and "[t]o be 'colorable,' the asserted federal defense need not be 'clearly sustainable,' as section 1442 does not require a federal official or person acting under him 'to win his case before he can have it removed.'" *Latiolais*, 951 F.3d at 296 (quoting *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999)).  There may come a day when the cumulative force of the cases rejecting Avondale's federal defenses on summary judgment will render those defenses uncolorable for purposes of removal.  But whether that day has arrived is not for this Court to decide.  District courts in this circuit "remain[] bound by the Fifth Circuit's holding in *Latiolais*, unless or until it is overturned by another *en banc* decision of the circuit court or a decision of the Supreme Court." *LeBoeuf*, 2025 WL 1403139, at *2 (rejecting the argument that "the volume of post-*Latiolais* district court cases rejecting Avondale's argument for government contractor immunity" warrants remand) (citing *Soc'y of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991)).

      The Court also rejects LeBlanc's argument that the Supreme Court's holding in *Royal Canin* "instructs that allowing this case to remain in federal court … is wholly improper."[28]  In *Royal Canin*, the Court held that, under 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over state-law claims sharing a sufficient factual relationship with the federal claims, "when the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power [and consequently] supplemental jurisdiction." 604 U.S. at 31, 33.  *Royal Canin* thus arose in an entirely different factual scenario (*viz.*, the plaintiff's amendment of her complaint), in a case removed under a different removal provision (*i.e.*, 28 U.S.C. § 1441).  Cases removed under the general removal statute entail a different analysis than cases removed under the federal-officer

---

[28] *Id.* at 9.

removal statute, due to the latter's "broad language and unique purpose." *LeBoeuf*, 2025 WL 1403139, at *2. Unlike removal jurisdiction under § 1441, jurisdiction under § 1442(a) is not "based only on the allegations in the plaintiff's 'well-pleaded complaint.'" *Royal Canin*, 604 U.S. at 26. "A case against a federal officer may be removed even if a federal question arises as a defense rather than as a claim apparent from the face of the plaintiff's well-pleaded complaint," *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc.*, 809 F. Supp. 2d 524, 530 (E.D. La. 2011)), because "[t]he purpose of this removal statute is to protect the lawful activities of the federal government from undue state interference." *Bartel v. Alcoa S.S. Co.*, 64 F. Supp. 3d 843, 852 (M.D. La. 2014), *aff'd*, 805 F.3d 169 (5th Cir. 2015). Thus, the same considerations that motivated the Court's holding in *Royal Canin*, namely, the plaintiff's role as "the master of the complaint" and her exercise of control over her claims by amending her complaint, *Royal Canin*, 604 U.S. at 35-38, are not implicated here. *See LeBoeuf*, 2025 WL 1403139, at *3 ("[T]he dismissal of a federal defense by the Court does not involve an exercise of control by the plaintiff over the subject and structure of its suit.").

The scenario presented in *Royal Canin* differs from this case in another important respect: a plaintiff's excising federal claims from her complaint by amendment eliminates those claims from the case "for good," whereas "an appellate court may yet revive" claims (or in this case, defenses), which gave rise to federal jurisdiction, when they were dismissed by the district court. *Royal Canin*, 604 U.S. at 33. Therefore, "federal jurisdiction under 28 U.S.C. § 1442(a) survives the dismissal of federal defenses." *LeBoeuf*, 2025 WL 1403139, at *3. In sum, *Royal Canin* has no bearing on whether a case removed under § 1442(a) should be remanded.

Because neither the spate of district court cases rejecting Avondale's federal defenses on summary judgment, nor the Supreme Court's decision in *Royal Canin*, overcome binding Fifth

Circuit precedent holding that Avondale's *Boyle* defense is colorable, LeBlanc's motion to remand is denied.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that LeBlanc's motion to remand (R. Doc. 39) is DENIED.

New Orleans, Louisiana, this 23rd day of May, 2025.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE