UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HYSON M. LEBLANC | CIVIL ACTION |
| VERSUS | NO. 25-615 |
| HUNTINGTON INGALLS INCORPORATED, *et al.* | SECTION M (5) |

**ORDER & REASONS**

Before the Court is a motion to dismiss defendant Huntington Ingalls Inc.'s ("Avondale") second supplemental crossclaim and third-party complaint filed by defendant Philip Morris USA Inc. ("PM USA").[1] Avondale responds in opposition,[2] and PM USA replies in further support of its motion.[3]

PM USA argues that Avondale's second supplemental crossclaim and third-party complaint (the "crossclaim and third-party complaint") should be dismissed for the same reasons it articulates in its motion to dismiss plaintiffs' second amended complaint or for a more definite statement[4] and because the crossclaim and third-party complaint does not assert any factual allegations against PM USA "but merely incorporates" the allegations as stated in the second amended complaint.[5] In response, Avondale "adopts and incorporates by reference [the p]laintiffs' [o]pposition to [PM USA's] motion to dismiss their claims" and contends that "[t]he law clearly allows for incorporated allegations when the allegations give the party fair notice of the claims."[6] Avondale insists that it gave PM USA fair notice of its claims by expressly incorporating the

[1] R. Doc. 175.
[2] R. Doc. 179.
[3] R. Doc. 181.
[4] R. Doc. 175-1 at 3 (discussing R. Doc. 163).
[5] *Id.*
[6] R. Doc. 179 at 6-7.

allegations set forth in the second amended complaint,[7] which, in reply, PM USA says is insufficient.[8]

"The Federal Rules of Civil Procedure specifically allow for incorporation by reference in … pleadings." *Carroll v. Ft. James Corp.*, 470 F.3d 1171, 1176 (5th Cir. 2006); *see also* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion."). But "such incorporation must be done 'with a degree of specificity and clarity which would enable the responding party to easily determine the nature and extent of the incorporation.'" *See Carroll*, 470 F.3d at 1176 (quoting *Wolfe v. Charter Forest Behav. Health Sys., Inc.*, 185 F.R.D. 225, 228-29 (W.D. La. 1999)). Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion in part and denies it in part for the reasons stated in the Court's November 5, 2026 Order & Reasons.[9]

Furthermore, the crossclaim and third-party complaint provides sufficient notice for PM USA to "determine the nature and extent of the incorporation," *id.*, because it specifically states which paragraphs and allegations it incorporates from the second amended complaint. But because the Court has ordered that the plaintiffs provide a more definite statement, which will result in a third amended complaint, Avondale will have to file an amended crossclaim and third-party complaint to that pleading so as to clearly place PM USA on notice of its claims against PM USA, which it may do by again incorporating the operative complaint.

Accordingly, for the foregoing reasons,

---

[7] *Id.*
[8] R. Doc. 181 at 1.
[9] R. Doc. 186.

IT IS ORDERED that PM USA's motion to dismiss Avondale's second supplemental crossclaim and third-party complaint (R. Doc. 175) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the motion is GRANTED IN PART to the extent the second supplemental crossclaim and third-party complaint incorporates the plaintiffs' negligence claims that PM USA's advertisements, promotions, or labels should have included additional or more clearly stated warnings after July 1, 1969, which claims are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the motion is DENIED IN PART to the extent the second supplemental crossclaim and third-party complaint incorporates the plaintiffs' negligence claims that PM USA's advertisements, promotions, or labels should have included additional or more clearly stated warnings before July 1, 1969.

IT IS FURTHER ORDERED that the motion is DENIED AS MOOT to the extent the second supplemental crossclaim and third-party complaint incorporates any fraud claim against PM USA because Avondale disavows any allegations based on intentional tort.

IT IS FURTHER ORDERED that Avondale must provide a more definite statement by filing an amended crossclaim and third-party complaint no later than 10 days after the plaintiffs file a third amended complaint.

New Orleans, Louisiana, this 9th day of November, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE