UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HYSON M. LEBLANC | CIVIL ACTION |
| VERSUS | NO. 25-615 |
| HUNTINGTON INGALLS, INCORPORATED, *et al.* | SECTION M (5) |

**ORDER & REASONS**

Before the Court is a motion for continuance of trial date and to vacate scheduling order filed by defendant Philip Morris USA Inc. ("PM USA").[1] Plaintiffs Nancy LeBlanc, Darren LeBlanc, and Rhonda LeBlanc (collectively, "Plaintiffs"), individually and as the statutory heirs of decedent Hyson M. LeBlanc, respond in opposition,[2] and PM USA replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion for the following reasons.[4]

"The [t]rial [c]ourt has, and must have, of course, a wide and flexible discretion in the daily guidance of a case through the preparatory stages looking toward the climax of a trial." *Mitchell v. Johnson*, 274 F.2d 394, 401 (5th Cir. 1960). Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension." *Garza v. Webb County*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d

[1] R. Doc. 174.
[2] R. Doc. 178.
[3] R. Doc. 180.
[4] A summary of the relevant factual background of this matter can be found in the Court's November 5, 2026 Order & Reasons. R. Doc. 186.

533, 535 (5th Cir. 2003)). To determine whether good cause exists, courts within the Fifth Circuit consider four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Springboards to Educ., Inc. v. Hou. Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (citation modified) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015)).

Regarding the first factor, PM USA argues that it is unable to comply with the current scheduling order "not due to lack of diligence" but because it was brought into the case "months after the operative scheduling order was entered" and because it could not engage in meaningful discovery until after the Court ruled on its motion to dismiss.[5] Furthermore, PM USA explains that cases alleging injuries that stem from cigarette smoking generally involve extensive discovery that exceeds the amount of time left by the current scheduling order.[6] In response, Plaintiffs contend that PM USA was not diligent because, prior to filing the instant motion, it had yet to participate in any discovery, despite having been served over a month prior, which, claim Plaintiffs, PM USA at least should have initiated even while it waited on this Court to rule on its motion to dismiss.[7] In reply, PM USA points out that since filing the instant motion, it "served discovery requests on Plaintiffs," who nevertheless, as of the date of the reply, had yet to respond, and that the motion to dismiss was not its only reason for seeking a continuance.[8]

As to the second factor, PM USA argues that its "ability to defend itself" would be impaired unless this Court grants the instant motion.[9] PM USA explains that Plaintiffs' allegations span

[5] R. Doc. 174-1 at 5.
[6] *Id.* at 6.
[7] R. Doc. 178 at 4.
[8] R. Doc. 180 at 2.
[9] R. Doc. 174-1 at 7.

decades.[10] Furthermore, asserts PM USA, even though discovery was conducted before it became a party, any such discovery is not relevant to the cigarette allegations but only pertains to the asbestos claims.[11] And even still, until this Court ruled on the motion to dismiss, PM USA claims it could not know the parameters of Plaintiffs' allegations.[12] In response, Plaintiffs argue that the "deadlines are still multiple *months* away," so PM USA has ample time to engage in sufficient discovery.[13] And PM USA would not have to start from square one, contend Plaintiffs, because it has "decades of experience defending lung cancer tobacco cases" and therefore already has access to experts and documents that are relevant for defending its case.[14] In reply, PM USA maintains that, when impleaded, it only had seven months to conduct discovery, which, given the extent of discovery necessary and PM USA's experience in similar cases, is not enough time.[15] And PM USA also explains that as of the date it filed its reply, PM USA had yet to receive access to discovery conducted before it became a party.[16]

For the third factor, PM USA argues that a continuance would not impose unfair prejudice on Plaintiffs, who "*chose* to wait over eighteen months to add [it] to this case."[17] Furthermore, because this is a wrongful death case, PM USA contends that there is no urgency regarding the trial date.[18] In response, Plaintiffs assert that a modification of the schedule would "deprive [them] of their right to a speedy resolution of their claims, increase the litigation costs associated with pursuing their claims, and result in an unnecessary waste of judicial time and resources."[19] To

---

[10] *Id.* at 6.
[11] *Id.* at 6-7.
[12] *Id.* at 6.
[13] R. Doc. 178 at 8 (emphasis in original).
[14] *Id.* at 10-11 (quote at 11).
[15] R. Doc. 180 at 5-7.
[16] *Id.* at 5.
[17] R. Doc. 174-1 at 7 (emphasis in original).
[18] *Id.*
[19] R. Doc. 178 at 12.

which PM USA replies that any delay is a result of Plaintiffs' decision to wait to add PM USA as a defendant in the captioned matter.[20]

Finally, as to the fourth factor, "PM USA is not aware of any reason why a continuance would not be an available remedy."[21] And although Plaintiffs do not explicitly address the fourth factor, they maintain that a modification of the scheduling order would cause unfair prejudice to them and that PM USA has failed to "demonstrate 'good cause' to justify continuance or to vacate the scheduling order."[22]

The Court finds that good cause exists to modify the scheduling order to continue the trial and vacate the scheduling order. The Court acknowledges Plaintiffs' desire to resolve their claims as quickly as possible, even after Hyson Leblanc's passing, but PM USA has demonstrated that, in its experience defending cigarette cases, seven months is not a sufficient amount of time for it to conduct the requisite discovery. As such, a brief continuance of the trial and the deadlines imposed in the current scheduling order is appropriate to accommodate the reasons stated for PM USA's requested extension.

Accordingly, for the foregoing reasons,

IT IS ORDERED that PM USA's motion for continuance of trial date and to vacate scheduling order (R. Doc. 174) is GRANTED.

IT IS FURTHER ORDERED that trial is continued. The Scheduling Order issued by this Court on April 23, 2026 (R. Doc. 137) is vacated and the dates therein shall be reset. The case manager will hold a telephone scheduling conference on November 17, 2026, at 10:30 a.m. to

---

[20] R. Doc. 180 at 7.
[21] R. Doc. 174-1 at 7.
[22] R. Doc. 178 at 13.

select new dates for the trial and the pretrial conference. All parties are to call into the conference at (833) 990-9400, Access Code: 281438922.

New Orleans, Louisiana, this 10th day of November, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE